PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JESUS PABELLON, KELLY PABELLON on
behalf of herself and on behalf of her minor
daughter JALINE PABELLON, and KIDANNY
PACHECO,

                      Plaintiffs,           **FIRST AMENDED COMPLAINT**

     -against-                           Jury Demand

                                              13 CV 2424 (LTS)

THE CITY OF NEW YORK, P.O. ANGEL VASQUEZ
JOHN and JANE DOES 1-10, et al.,

                      Defendants.
----------------------------------------------------------------x

        Plaintiff JESUS PABELLON, KELLY PABELLON on behalf of herself and on behalf of her minor daughter JALINE PABELLON and KIDANNY PACHECO (hereinafter "Plaintiffs" unless noted otherwise) by and through their attorneys, Robert Blossner, Esq. and Vik Pawar, Esq., respectfully alleges as follows:

**PRELIMINARY STATEMENT**

        1.    Plaintiffs bring this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiff Jesus Pabellon has duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrence of the events giving rise to this lawsuit.

## PARTIES

7. Plaintiffs are residents of the State of New York and at the time of the incident were residing at 2225 Lacombe Avenue, in Bronx, New York 10473.

8.  Plaintiff Jesus Pabellon was a porter for a building on Park Avenue and a member of the local 32B-32J union. At the time of the incident, he was out on disability for an injury he suffered on the job.

9.  Plaintiff Jaline Pabellon is a minor and was four (4) years old at the time of the incident.

10. Plaintiff Kidanny Pacheco was a 16 year old minor and was neighbor of the Pabellons at the time of the incident.

11. Defendant Vasquez and John Doe defendants are or were members of the NYPD assigned to the 41st precinct and were acting under the color of state law.

## FACTS

11. On May 12, 2010, plaintiff Jesus Pabellon along with his wife Kelly (in the passenger seat), four (4) year old daughter Jaline and their neighbor Kidanny Pacheco (in the back seat) drove to a Dunkin Donuts located around 1019 Southern Boulevard, Bronx, New York.

12. At the time, plaintiff Jesus was lawfully driving a 1999 Jeep Grand Cherokee.

13. Plaintiffs stopped in front of Jeans Star store so that Kelly could leave the vehicle to get some coffee.

14. The other named plaintiffs remained in the vehicle which was double parked as were other vehicles in the vicinity.

15. As Kelly exited the store, she observed defendant Vasquez and other unidentified officers approaching her family's vehicle with guns drawn.

16. At about the same time, plaintiff Jesus similarly observed officers with guns drawn approaching his vehicle as well and also saw police cars surrounding his vehicle and the defendant officers pointing their guns at himself, his infant daughter and his neighbor.

17. Plaintiff Jesus became startled and inquired "what is going on?" The defendant officers said "don't move, or we'll blow all your fucking brains out."

18. Plaintiff Jesus asked the defendants to lower their guns because there were children in the car and his daughter was hysterically crying. Ignoring this, the defendant officers, violently pulled Jesus from the Jeep and threw him on the ground face down with guns still pointed at him and the infant and minor who were still in his vehicle. One of the defendant placed his knee on Jesus's back, even though he was not resisting in any manner, but was pleading for the police officers to lower their guns because his daughter was crying hysterically.

19. When Kelly inquired of the officers why they were doing that to her husband, they questioned her and asked her "Are you sure you are his wife", You are white and he is Spanish!." The defendants then asked Plaintiff Jesus, "are you sure she's your wife? She is white!".

20. Defendants then accused plaintiff Jesus of driving a stolen vehicle, but when he showed them the proper paperwork, the defendants changed their story and claimed that the license plates were stolen. However, that also turned out to be untrue.

21. After about an hour with the plaintiff Jesus in custody and other plaintiffs unlawfully seized, defendants unlawfully and without justification transported Plaintiff in handcuffs to the 41st precinct where he was held for 5-6 hours.

22. After six hours inside the precinct, the defendants claimed that the car and plates "checked out" and plaintiff Jesus was released. One of the defendant officers at the precinct told plaintiff Jesus and his father (who had come to the precinct), that he was "sorry for what happened."

## Federal Claims

## AS AND FOR A FIRST CAUSE OF ACTION
(Unlawful seizure/excessive force-Fourth Amendment)

18. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "17" with the same force and effect as if fully set forth herein.

19. There was no probable cause for the initial unlawful seizure of plaintiffs and the continued unlawful seizure and excessiveness of the force used on plaintiff Jesus Pabellon.

20. The unlawful seizure was unjust and as a result of Defendants' actions resulted in violations of plaintiffs' constitutional rights secured under the Fourth and Fourteenth Amendments.

20. As a result of the aforementioned conduct of Defendants, Plaintiffs' constitutional right to be free from unreasonable seizure were violated and they sustained physical, economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

21. Plaintiff repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "20" with the same force and effect as if fully set forth herein.

22. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiffs and was in violation of Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.

23. As a result of the foregoing, Plaintiffs were deprived of their liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

24. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

26.    The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, detaining innocent citizens simply based on their color without any justification or probable cause in the hopes of "catching a bad guy". Such stops by the defendants are all too common and unconstitutional.

26.    In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

27.    As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

29.    The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Section 1981)

30.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     Defendants targeted Plaintiff Jesus Pabellon and discriminated against him by continuing to detain him unlawfully and accusing him falsely of a crime because of his race and color.

32.     Defendants conduct was exemplified by their actions and statements to Plaintiff Jesus Pabellon about his wife, Kelly, when they asked him "are you sure she is your wife?, she is white!". When Kelly Pabellon confirmed that Plaintiff Jesus was indeed her husband, the defendants exhibited and verbalized obvious disdain that she was married to a dark skinned man.

31.     Plaintiff Jesus Pabellon was thus caused to endure shame and humiliation and discriminated against solely based on his race and color and in violation of 42 U.S.C. Section 1981.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

33.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Upon information and belief, defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendants who conducted and participated in the violation of Plaintiffs' rights.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

35.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth

herein.

36. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

42. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

44. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City.

45. The aforementioned conduct was committed by defendants while acting in

furtherance of their employment by defendant City.

46. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiffs.

47. As a result of the aforementioned conduct, Plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

48. As a result of these actions, Plaintiffs suffered injuries.

### AS AND FOR A NINETH CAUSE OF ACTION
(Malicious Abuse of Process)

49. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants acted with malice when they unlawfully seized plaintiffs without any justification and any probable cause.

51. Defendants abused the criminal process in order to violate the plaintiff's civil rights knowing full well that they would have to endure the stigma and humiliation of the unlawful seizure.

52. As a result of defendants' actions, plaintiffs suffered injuries.

**WHEREFORE**, Plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each plaintiff as to each and every cause of action against defendants

(individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
August 28, 2013

                                    PAWAR LAW GROUP P.C.
                                    20 Vesey Street, Suite 1210
                                    New York, New York 10007
                                    (212) 571-0805

                                    By: _____
                                    Robert Blossner (RB0526)
                                    Vik Pawar (VP9101)
                                    *Attorneys for Plaintiff*